UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
RICHARD LAMOUNTAIN,

                       Petitioner,

        -v.-                                                         9:07-CV-0266
                                                                                        (NAM)(GJD)

ISRAEL RIVERA,

                       Respondent.
----------------------------------------------------------------

APPEARANCES:

RICHARD LAMOUNTAIN
86-D-0126
Coxsackie Correctional Facility
PO Box 999
Coxsackie, NY 12501-0999
Petitioner, *Pro Se*

**Hon. Norman A. Mordue, Chief U.S. District Judge**

## ORDER

     Presently before the Court is a statement filed by petitioner, Richard LaMountain, in accordance with this Court's April 4, 2007 Order.

     This action was filed on March 13, 2007.  In his habeas petition LaMountain complained of a September 11, 1986 judgment of conviction rendered in Albany County Court after he was found guilty of murder.  Docket No. 1.  The April 4, 2007 Order directed petitioner to advise the Court, in writing, regarding the filing of his post-conviction motions so that this Court could determine whether the petition filed herein was timely.  Docket No. 2.

     The statement filed with the Court advises that petitioner filed an application for a Writ of Error Coram Nobis on September 13, 2006.  Docket No. 3.

     The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that federal habeas petitions challenging a judgment of a State Court are subject to a one year statute of limitations.

Specifically, 28 U.S.C. § 2244(d) reads:

> (1) A one year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A judgment of conviction becomes final under the AEDPA at the conclusion of the ninety days during which the party could have sought certiorari in the United States Supreme Court. *Hughes v. Irvin*, 967 F.Supp. 775, 778 (E.D.N.Y. 1997) (citing Rule 13 of Rules of the Supreme Court of the United States); *Allen v. Hardy*, 478 U.S. 255, 258 n. 1 (1986) (decision becomes final "where the availability of appeal [is] exhausted, and the time for petition for certiorari ha[s] elapsed.").

However, in this case because LaMountain's conviction was final prior to April 24, 1996, the effective date of the AEDPA, petitioner was entitled to the benefit of a one-year grace period in which to file a habeas corpus petition. *See Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998). As a result, petitioner's conviction became"final" for purposes of the AEDPA on April 24, 1996 and the one year

statute of limitations began to run on that date. Thus, the one year statute of limitations expired on or about April 24, 1997.  Thus, when petitioner filed his application for a Writ of Error Coram Nobis on September 15, 2006, petitioner's statute of limitations for bringing this action had already expired. *See Smith v. McGinnis*, 208 F.3d 13, 15-16 (2d Cir. 2000) (state court challenge tolls but does not reset statute of limitations). Consequently, the present petition is time-barred under the AEDPA and must be dismissed.

WHEREFORE, it is hereby

ORDERED, that the petition is DISMISSED, and it is further

ORDERED, that the Clerk serve a copy of this Order on the petitioner.

IT IS SO ORDERED.

Dated:  May 11, 2007

Norman A. Mordue
Chief United States District Court Judge